United States District Court
Southern District of Texas

**ENTERED**

April 05, 2018

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JIANJUN DU, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-3141 |
| | § | |
| THE UNIVERSITY OF HOUSTON AT | § | |
| VICTORIA, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

This case is before the court on Defendants' third motion to dismiss (Dkt. 27) and motion for summary judgment (Dkt. 32).[1] The district court has referred this matter to this magistrate judge for report and recommendation (Dkt. 26). The court recommends that Defendants' motion for summary judgment be granted.

### I.    Background

Plaintiff, Dr. Jianjun Du (Du) is an associate professor at the University of Houston at Victoria in the School of Business Administration. He was hired in 2001. Du filed a charge of discrimination with the EEOC on November 5, 2012. Du received a Right to Sue Notice from the EEOC, and filed this action in October 2016. The only claims remaining in this case are

---

[1] Also before the court are Defendants' objections to Plaintiff's summary judgment evidence (Dkt. 37). Defendants object to Plaintiff's Exhibit 15 on the basis that it is unauthenticated and double hearsay. The objection is sustained. However, as discussed below, even if considered, Exhibit 15 would not affect the outcome of the pending motions. Defendants have also objected to Plaintiff's statement that he was "assaulted," to his characterization of this case as a "disparate impact" case, and to his reference to a prior lawsuit against Niroomand. None of those statements are relevant to the issues before the court and were not relied upon for the court's ruling. The court notes that Du did not plead a disparate impact discrimination claim in this case.

Plaintiff's Title VII discrimination and retaliation claims.[2] Defendants move to dismiss both claims, or alternatively for summary judgment.

## II.    Motion to Dismiss

### A. Legal Standards for dismissal under Rule 12(b)(1) and 12(b)(6)

*Rule 12(b)(1).*  A defendant may challenge a court's jurisdiction over a claim through a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts supporting subject matter jurisdiction by considering any of the following: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.*

*Rule 12(b)(6).*  In reviewing a pleading under Rule 12(b)(6), the court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004)). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

[2] Du's claims pursuant to the Age Discrimination in Employment Act (ADEA) and the Texas Commission on Human Rights Act (TCHRA) have been dismissed (Dkt. 15).

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

## B. Exhaustion of remedies

Although Defendants filed their motion under Rule 12(b)(1), they recognize exhaustion is not a matter of jurisdiction: "While the procedural exhaustion requirements are not jurisdictional in nature, a claimant must exhaust administrative remedies before filing a Title VII suit in federal court. *Zipes v. Trans World Airlines, ,Inc.*, 455 U.S. 385, 398 (1982)." Dkt. 27 at 8. The Fifth Circuit has characterized the exhaustion requirement as a "precondition to filing suit," as opposed to a jurisdictional prerequisite. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970) ("the filing of a charge of discrimination is a condition precedent to the bringing of a civil action under Title VII"); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("Although filing an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court."). Because Defendants' motion to dismiss does not implicate the court's jurisdiction, the court will consider the motion under Rule 12(b)(6).[3]

In his original complaint in this case, Du alleges that he began experiencing discrimination based on his national origin when Dr. Farhang Niroomand became dean of the SBA in 2009. Specifically, he alleges: he was denied funds for a conference in 2013; professors from America and Middle Eastern countries were promoted to full professor over him; he and faculty from other East Asian countries had points deducted from their annual evaluations; he did not receive as many pay raises as non-Asians due to low annual evaluations; and since

---

[3] *See Ruiz v. Brennan*, 851 F.3d 464, 472 (5th Cir. 2017) (recognizing some disagreement on whether Title VII exhaustion is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it implicates subject matter jurisdiction, but finding no error in magistrate judge's decision to convert the motion to one under Rule 12(b)(6) where there was no material impact on the outcome).

complaining about discrimination, his treatment by Niroomand has been even worse, especially

in regard to evaluations. Dkt. 1 at ¶¶ 16-20, 22-23.

Du's 2012 charge of discrimination asserts the follows particulars:[4]

I.      On or around November 23, 2011, my Dean and Associate Dean began subjecting me to harassment, intimidation, a hostile work environment, and different terms and conditions of employment. Respondent is a university. I work as Associate Professor.

II.     As Senator of the Faculty Senate, I expressed my opinion regarding a proposed statement regarding the School of Business Administration culture by e-mailing Jeffrey Blodgett, Associate Dean. Shortly afterwards, I was shocked when Farhand Niroomand, Dean, embarrassed and intimidated me in front of the other 3 faculty senators. He told me that he would terminate me over an unrelated issue during our conversation about the proposed statement. He did not intimidate the other 3 senators, Ronald Salazar, Joseph Ben-Ur, and Uche Nwabueze, all non-Chinese. They were allowed to express their opinions freely whereas I was intimidated. In March 2012, the deans deducted points from my evaluation, which had never happened to me before in my employment. When I told Blodgett that I would file a grievance, he intimidated me by telling me that he would ruin my career based on a paper. Blodgett also intimidated me by falsely accusing me of unethical behavior. I believe that Niroomand and Blodgett treat senior Chinese members more harshly, and retaliate against them for issues that would not be a problem for other faculty members. They also put in younger faculty members on the appointed faculty committees. The deans send out e-mails to their trusted faculty members to direct votes for their favorite nominees and against the ones they dislike, which in violation of university policy. This lack of transparency is an abuse of power and consistently discriminates against senior Chinese faculty members.

III.    I believe that I have been discriminated against because of my national origin, Chinese, and retaliated against, in violation of Title VII of the Civil Rights Act of 194, as amended. I also believe that I have been discriminated against because of my age, and retaliated against, in violation of the Age Discrimination in Employment Act of 1967, as amended. I further believe that Chinese faculty members over age 50, as a class, have been discriminated against because of their national origin and age, in violation of the above statutes.

Dkt. 1-1 at 2.

---

[4] Du's charge of discrimination is attached to his original complaint and is properly considered in determining defendants' motion to dismiss. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

This court's review is limited to those claims that "could reasonably be expected to grow out of the initial charges of discrimination." *Pacheco v. Mineta,* 448 F.3d 783, 789 (5th Cir. 2006). While Du's EEOC charge does not use the precise words "failure to promote" or "failure to give pay increases," he does reference low evaluations and "different terms and conditions of employment" in general. In order to further the purpose of Title VII, the scope of the EEOC charge should be liberally construed. *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983) (a Title VII cause of action may be based upon "any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.").

The court concludes that the language of the charge is broad enough to encompass Du's claims in the original complaint that Defendants' failure to promote him or give him pay increases is due to national origin discrimination.[5] As to retaliation, *Gupta v. East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981), holds that exhaustion is not required for claims of retaliation that naturally arise after the filing of an EEOC charge.[6] For these reasons, the court recommends the Defendants' motion to dismiss Du's claims for lack of exhaustion be denied.

---

[5] Although the court declines to dismiss Du's discrimination claim for lack of exhaustion, the court notes that the precise dates of the alleged adverse employment actions are not clear in his complaint. To the extent Du may be barred from recovery on claims for failure to promote or failure to give him pay increases that occurred after November 2012, or more than 300 days prior to November 2012, the court has addressed Du's claims in full in the context of summary judgment.

[6] *Simmons-Myers v. Caesars Entm't Corp.*, 515 Fed. App'x 269, 273 (5th Cir. 2013), questioned the continuing validity of *Gupta* in situations in which both retaliation and discrimination are alleged. *Gupta* has not been reversed by the 5th Circuit, and its purpose of avoiding simultaneous proceedings for the same inciting event, while permitting a plaintiff to go forward on subsequent retaliatory acts, remains valid. *See Sapp v. Potter*, 413 Fed. App'x 750, 753 (5th Cir. 2011); *see also Carroll v Sanderson Farms, Inc.*, Civil Action No. H-10-3108, 2012 WL 3866886 *22 (S.D. Tex. 2012) ("where the retaliation occurred *before* the plaintiff filed her EEOC charge, she must exhaust her administrative remedies by including the retaliation claim in her initial charge." (emphasis in original)).

### C. Failure to plead an adverse employment action

Defendants also moved to dismiss for failure to state a claim, arguing that Du's pleading does not identify any promotion for which he applied, and his other allegations do not set forth any matters that constitute adverse employment actions. A claim for Title VII discrimination must include an allegation that the plaintiff was subject to an adverse employment action, which includes only "ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d. 551, 559 (5th Cir. 2007) (citing *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002)). The definition of an adverse employment action is broader in the retaliation context, and includes an action that "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (citing *Burlington N. & Santa Fe Ry.*, 548 U.S. 53, 68 (2006)).

The court construes Du's complaint to assert a claim for discrimination based on the adverse employment actions of Defendants' failure to promote him and failure to give him pay increases, and for retaliation based on these actions, as well as on Niroomand's treatment of him. *See* Dkt. 1 at ¶¶ 17-23. While the complaint is not long on factual allegations, the court concludes that it is sufficient to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. The court recommends that Defendants' motion to dismiss Du's claims for failure to state a claim be denied.

### III. Motion for Summary Judgment

#### A. Rule 56 standard of review

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact

6

for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002).

The standard for granting summary judgment in Title VII cases is well-established. A plaintiff must establish a *prima facie* case of discrimination in order to shift the burden to the defendant to produce evidence of some legitimate, non-discriminatory reason for the adverse employment action. Plaintiff bears the burden to show that the employer's proffered explanation is pretext for discrimination. *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at 253. *Reeves v. Sanderson Plumbing Prods., Inc.*, succinctly summarizes the appropriate inquiry:

> Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law.

530 U.S. 133, 148-49 (2000). The court must draw all reasonable inferences in favor of the non-movant, and disregard all evidence favorable to the moving party that the jury is not required to believe. *Id.* at 150-51. Trial courts should not treat discrimination differently than other ultimate questions of fact for purposes of Rule 50 or 56. *Id.* at 148.

### B. Du's Title VII National Origin Discrimination Claim

In order to establish a *prima facie* case of national origin discrimination, Du must show: (1) he is a member of a protected group; (2) he was qualified for the position; (3) he was

7

discharged or suffered another adverse employment action; and (4) was replaced by someone outside his protected group or the adverse employment action was due to plaintiff's membership in the protected class.[7] *McCoy*, 492 F.3d. 551, at 556; *Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997); *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002); *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003).

Defendants contend Du cannot meet his *prima facie* burden on elements 3 and 4 of his claim, *i.e.,* the burdens to show that he suffered an adverse employment action and that any adverse employment action was because of his Chinese national origin.

### 1. Element 3: adverse employment actions

The only employment actions alleged by Du that meet the standard for an adverse employment action in the context of intentional discrimination are Du's allegations that he was not promoted to full professor and was not given pay increases comparable to his non-Chinese colleagues.[8] Discrimination claims must be based on "ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy* 551 F.3d. at 559 (5th Cir. 2007).

In addition to failure to promote and failure to give pay increases, Du's complaint alleges Defendants wrongfully denied him funds to attend a conference in 2013, and his summary

---

[7] One way for a plaintiff to satisfy his *prima facie* burden is through direct evidence of discrimination. There is no such direct evidence in this case. Du contends that Niroomand referred to "stupid Chinese" in conversation with another faculty member, Uche Nwabueze. But there is no competent evidence to support his allegation (*see, supra,* note 1), and in any event the remark, reflected in an email from Nwabueze to Louie Ren (Dkt. 35-15 at 2), is not in any way connected to any specific adverse action against Du. *See Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 405 (5th Cir. 2001) (there was no substantial evidence that the comments related to the ultimate decision not to renew plaintiff's contract).

[8] Du's allegation that Niroomand used the phrase "stupid Chinese," in a meeting with Uche Nwabueze, Dkt. 35-15, even if evidence of discriminatory animus on the part of Niroomand, does not constitute an adverse employment action. *See Laxton v. Gap*, 333 F.3d 572, 583 (5th Cir. 2003) ("an oral statement exhibiting discriminatory animus may be used to demonstrate pretext or . . . it may be used as additional evidence of discrimination).

judgment response also references incidents described in his March 2015 internal grievance (Dkt. 35-10). Du asserted in the grievance (1) that on December 9, 2014, he encountered Niroomand near the SBA second floor elevators and tried to explain the reasons for two absences that Niroomand required be noted in Du's personnel records. In response, Niroomand pointed a finger at Du and threatened to fire him;[9] (2) in March 2014, Du missed a meeting and Niroomand took the opportunity to publicly humiliating Du by telling the other faculty members present that Du was selfish and only cared about his personal interests; (3) in Fall 2014, according to Du, Niroomand told another gathering at a meeting at which Du arrived late that Du was always late for meetings and did not attend events. Du felt singled out for humiliation and retaliation.

These 2013-2014 events do not amount to "ultimate employment decisions" that are actionable under Title VII's intentional discrimination provisions. *Pisharodi v. Valley Baptist Med. Ctr.*, 393 F. Supp. 2d 561, 572 (S.D. Tex. 2005) ("nuisances, humiliations, or similar things" and are not actionable); *Breaux v. City of Garland*, 205 F.3d 150, 158 (5th Cir. 2000) (oral threats and abusive remarks did not rise to the level of an adverse employment action).[10] Therefore, only Du's allegations of failure to promote and failure to give pay increases are actionable under Title VII's discrimination provisions. Having determined Du has presented *prima facie* evidence of an adverse employment action, the court must next address whether Du has met his burden to show the Defendant's alleged failure to promote and to give pay increases resulted from Du's membership in a protected class.

---

[9] Contrary to Du's characterization, (Dkt. 35 at 6), these allegations do not constitute "physical assault." *Jones v. Shipley,* 508 S.W.3d 766, 769 (Tex. App.- Houston[1st Dist.] 2016, pet. denied) ("The focus in an assault by threat case is on the defendant's words and conduct, and the critical inquiry is whether a reasonable person under the circumstances would consider the words and conduct to be an objective threat of imminent bodily injury"). There is no evidence in the record of any action by Niroomand approaching the level of an assault.

[10] To the extent Du is asserting a discrimination claim based post-November 2012 discrete acts, his claims are also subject to dismissal because he did not file a new or amended EEOC charge to exhaust such claims. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).

9

## 2. Element 4: adverse actions must be due to membership in the protected class.

***Failure to promote.*** Du's discrimination claim based on Defendants' failure to promote him to full professor has several deficits.[11] The most significant of those deficits is that Du never applied for a promotion.

Du first gained sufficient years of service to be eligible for promotion to full professor in 2013, five to six years after becoming a tenured associate professor, approximately 4 years after Niroomand became dean of the SBA and allegedly began giving Du low evaluation scores, and after Du filed his November 2012 charge of discrimination. Dkt. 32-3 at 21 (Du Deposition). Du admitted at his deposition on January 24, 2018 that "up to today, I never applied" for a promotion to full professor. *Id.* (Du Depo. at 76:15-18). He also admitted that he does not meet the publication criteria for promotion to full professor:

Q.     . . . all the way up to the point that we sit here today, you do not meet the publication criteria set forth under the promotion and tenure rules for full professor, correct? . . .

A.     Yes.

*Id.* at 21-22 (Du Depo. at 77:24-78:8); *see also* Dkt. 32-5 at 3-4 (Affidavit of Garza-Gomez). Du's failure to apply for a promotion is fatal to his discrimination claim. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999); *McCullough v. Houston Cnty. Tex.*, 297 Fed. App'x. 282, 287 (5th Cir. 2008). Du has not even attempted to show that the reason he failed to apply for the position of full professor is because it would have been futile due to a "known and consistently enforced policy of discrimination." *Id.* In fact, Defendants submitted summary judgment evidence that shows Niroomand recommended four Chinese faculty members for promotion between June 2009 and August 2017, all of whom were promoted to full

---

[11] The date on which Du contends he was denied a promotion is not at all clear. Because he filed his EEOC charge on November 5, 2012, only a promotion denied on or after January 20, 2012 is actionable. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) ("A party . . . must file a charge within . . . 300 days of the date of the act or lose the ability to recover for it).

professor. Dkt. 32-6 at 19 (Affidavit of Jeffrey Cass). In short, Du has not met his *prima facie* burden to show that he was denied a promotion to full professor because he is Chinese.

***Failure to give pay increases.*** Du also contends that he was given low evaluation scores, which led to low or no pay increases, because he is Chinese. The uncontroverted summary judgment evidence shows that Du received raises in the years 2008 – 2017 comparable to those received by other faculty in the SBA. *See* Dkt. 32-5 at 31-46. Although Du did not receive the highest merit increase in any particular year, Du has presented no evidence of other similarly situated non-Chinese faculty members being treated more favorably, evidence that is necessary to show his own treatment was due to his national origin. *See Morris v. Town of Indep.*, 827 F.3d 396, 401 (5th Cir. 2016) (plaintiff failed to meet prima facie burden to show the adverse employment action was due to her protected class where she could not show that she was treated less favorably than other similarly situated employees outside the protected group).

Du received his lowest evaluation in the year 2011. While Du attributes this low score to Niroomand, Associate Dean Jeff Blodgett prepared the evaluation. Dkt. 35-9 at 12-13 (2011 Annual Performance Review). Moreover, in August 2012 there was a "reset of the SoBA faculty evaluation system scores," and the dean's scores were eliminated from the 2011 final evaluation score. Dkt. 35-4 at 2 (letter to Du from Provost Jeffrey Cass). Du's score was actually lower after removal of the dean score (2.70), but based on the administration's promise to the faculty that no one's score would be lowered by the removal of the dean's score, Du retained his 2.78 evaluation score. Du has failed to present summary judgment evidence linking his low evaluation for 2011 to Niroomand's racial animosity. In addition, the uncontroverted evidence shows that under Niroomand's tenure, Chinese faculty were among the highest paid and received among the

highest merit pay increases in the SBA faculty. *See* Dkt. 32-5 at 31-46; Dkt. 32-6 at 25. Du has not met his burden to show that his lack of pay increases was due to his Chinese origin.

Because Du has not presented sufficient evidence to meet his *prima facie* burden to show that he was denied promotion, or received low evaluations, and thus low pay increases, due to his membership in a protected class, the court recommends that Defendants' motion for summary judgment on Du's Title VII discrimination claim be granted.

### C. Du's Title VII Retaliation Claim

In order to survive summary judgment on his claim that Defendants retaliated against him for filing a charge of discrimination Du must show that (1) he engaged in protected activity; (2) he suffered a materially adverse action; and (3) a causal link exists between the protected activity and the materially adverse action. *Porter v. Houma Terrebone Housing Auth. Bd. Of Com'rs,* 810 F.3d 940, 945 (5th Cir. 2015). In the context of retaliation, a materially adverse action is one that "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway Co. v. White,* 548 U.S. 53, 68 (2006).

Defendants do not contest the first element—that Du engaged in protected activity. Defendants argue instead that Du cannot meet his burden on the second and third elements of a *prima facie* case of Title VII retaliation. The court agrees that Du has not met his burden with respect to the third element and recommends summary judgment on the retaliation claim for that reason.

#### 1. Du has failed to demonstrate a causal link between protected activity and adverse employment action

*Adverse employment action: failure to promote.* To the extent Du alleges he was not promoted to full professor in retaliation for engaging in protected activity, he nevertheless admits that he did not apply for a promotion at any time after engaging in protected activity. Dkt. 32-3 at

12

21; Dkt. 32-5 at 3-4. Du's failure to apply for a promotion is fatal to his retaliation claim. *See Johnson v. Johnson*, 923 F. Supp. 2d 984, 1002 (S.D. Tex. 2013) (failure to apply for a disputed promotion barred plaintiff's retaliation claim based on a "failure to promote" absent a showing that applying would have been futile) (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999). In addition, Du admits he does not meet the criteria for promotion to full professor. Dkt. 32-3 at 21; Dkt. 32-5 at 3-4. Because he failed to apply for a promotion, Du cannot show the required causal link between his failure to receive a promotion and his protected activity of filing an EEOC charge or otherwise complaining of discrimination.[12] *See Kolpakchi v. Principi*, 113 Fed. App'x 633, 639 (5th Cir. 2004) ("Assuming arguendo that Dr. Kolpakchi did apply for the position, she has alleged no facts showing a causal link between the decision not to hire her and her protected activity").

*Adverse employment action: failure to give pay increases*. Du also alleges he received low evaluations, and correspondingly low pay increases, in retaliation for engaging in protected activity. The following table shows Du's composite evaluation scores and merit pay increases (to the extent available) for the years 2009 (when Niroomand became Dean) through 2017 (when Niroomand left the position of SBA dean).

| Year | Du's Composite Evaluation Score | Du's Merit Increase (%) |
|------|--------------------------------|------------------------|
| 2009 | 4.25 | 3.80 |
| 2010 | 4.19 | 3.65 |
| 2011 | 2.78 | 2.10 |
| 2012 | 3.85 | 0.00 |
| 2013 | 3.60 | 0.00 |
| 2014 | 3.60 | 1.50 (mid-year) |
| 2015 | 3.80 | No Evidence |
| 2016 | 3.30 | 1.00 |

---

[12] In addition, as noted *supra* at note 6, *Gupta* excuses the exhaustion requirement only for claims that naturally arise from an EEOC charge. Du has not exhausted administrative remedies for retaliation claims based on the March 15 grievance.

13

| 2017 | No Evidence | 0.00 |

Du's evaluation scores and merit pay increases began declining in 2011, and while his evaluation scores rebounded a bit (although not to pre-2011 levels), his pay increases did not. Du attributes his low score in 2011 to Niroomand, but that evaluation, dated March 30, 2012, was prepared by associate dean Jeff Blodgett. Dkt. 35-9 at 12-13 (2011 Annual Performance Review). As discussed above, in August 2012 there was a "reset of the SoBA faculty evaluation system scores," and the dean's scores (apparently a component provided by Niroomand) were eliminated from the 2011 final evaluation score. Dkt. 35-4 at 2 (letter to Du from Provost Jeffrey Cass). Because Du's score was actually *lower* after removal of the dean score (2.70), he retained his 2.78 evaluation score. *Id.* (emphasis added). As a result, Du has presented no evidence on summary judgment that Niroomand's input was responsible for Du's low 2011 evaluation. In addition, Du filed his EEOC charge on November 2, 2012, *after* the 2011 evaluation was prepared, which eliminates the possibility that a retaliatory motive resulting from his EEOC charge impacted his 2011 evaluation score.[13]

For all years after 2011, there is simply nothing to connect Niroomand or retaliatory motive to Du's evaluations or corresponding lack of pay increases. For example, beginning with his 2012 review, all of Du's performance evaluations were prepared by his department chair, Xavier Garza-Gomez. Dkt. 32-5 at 54-68 (Annual Performance Reviews 2012-2016). Du testified that Garza-Gomez did not discriminate or retaliate against him in any way:

Q: [Are you] contending in this lawsuit that [Garza-Gomez] himself, not by outside influence, but he himself did anything to you that was discriminatory or retaliatory?
A: I don't think so.
Q: So that's a no?
A: Yeah, a no, no.

---

[13] Du also submitted his May 31, 2012 "formal grievance" to Ramamoorthy Nagarajan (Dkt. 35-7) after the 2011 evaluation was prepared.

14

Dkt. 32-3 at 60 (Du Depo. at 233:1-8)). Instead, Du believes that Niroomand instructed Garcia-Gomez to give the low evaluations, but he has failed to present any evidence to support his suspicion. Garcia-Gomez, in his uncontroverted affidavit, takes full responsibility for Du's evaluation scores, and denies receiving any instruction regarding scores from Niroomand. Dkt. 32-5 at 4-5 (Affidavit of Garza-Gomez).

In addition to the fact Du cannot show that Niroomand controlled his evaluations, and thus his pay, Du also cannot show that his pay increases were inconsistent with other faculty in the SBA. *See* Dkt. 32-5 at 31-46 (SBA faculty salary listing). The uncontroverted summary judgment evidence demonstrates that no faculty members received merit increases for the fiscal years 2012 and 2017. Dkt. 32-4 at 61-2. In 2013, Donna Stringer and Jifu Wang also received 0% merit increases. *Id.* at 35. And in 2016, Du received the same 1.0% increase as three of his colleagues, while two colleagues received 0% increases. *Id.* at 42-44. Moreover, throughout this entire period, Du's yearly salary was on the high end of the range for SBA faculty. *Id.*

In sum, nothing in the record could support an inference by a fact-finder that Du received low evaluation scores and low pay increases due to his protected activity of filing an EEOC charge or otherwise complaining about discrimination.

***Other allegedly retaliatory actions***. In addition to alleging failure to promote and failure to give pay increases, Du alleges that he was not provided funds to attend a conference, and that Niroomand threatened and intimidated him. Du failed to demonstrate a causal connection between the conference funding and his protected activity because Niroomand approved funds for Du to attend the conference in the amount recommended by Garza-Gomez. Garza-Gomez made his recommendation in accordance with the Guidelines and Procedures Concerning SBA funding for Faculty Travel to Academic Conferences and Seminars, which set a tiered system of

15

funding dependent on the nature of the conference and whether the requester is the first or presenting author of a paper at a main session (here, Du was not). Dkt. 32-5 at 5-7. Once again, Du does not contend Garza-Gomez discriminated or retaliated against him. Dkt. 32-3 at 60 (Du Depo. at 233:1-8).

With respect to the retaliatory allegations contained in Du's March 8, 2015 formal grievance,[14] Dkt. 35-10, even assuming they constitute adverse employment actions under the retaliation standards and not "trivial harms," *Harrison v. Corrections Corp. of Am.*, 476 Fed. App'x 40, 44-45 (5th Cir. 2012), Du has failed to demonstrate a causal link between the alleged retaliatory conduct and his protected activity. The incidents described in the March 2015 grievance occurred approximately two years after Du filed his EEOC charge. All of the incidents stem from Du's attendance at University meetings or events. The two-year gap between the EEOC charge and the December 2014 incident negates any inference of causation based on temporal proximity. *See Clark Cty. School Dist. v. Breeden*, 532 U.S. 268, 273 (2001)(20-month gap does not suggest causation); *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 268 (5th Cir. 1994) (10- month lapse "suggests that a retaliatory motive was highly unlikely"). Nor does the record contain any evidence from which a fact-finder could infer that any of the incidents described in the March 2015 grievance were connected to or resulted from Du's November 2012 EEOC charge. *See Strong v. University Health Care Sys., L.L.C.*, 482 F.3d 802, 807-08 (5th Cir. 2007) (timing alone is insufficient to defeat summary judgment on causation). Du has failed to

---

[14] The grievance alleged that (1) on December 9, 2014, Du encountered Niroomand and tried to explain the reasons for two absences that Niroomand required be noted in Du's personnel records. In response, Niroomand pointed a finger at Du and threatened to fire him; (2) in March 2014, Du missed a meeting and Niroomand took the opportunity to publicly humiliate Du, telling the faculty members present that Du was selfish and only cared about his personal interests; (3) in Fall 2014 Niroomand told another attendees at a meeting to which Du arrived late, that Du was always late for meetings and did not attend events. Du felt singled out for humiliation and retaliation.

16

Case 4:16-cv-03141 Document 38 Filed on 04/05/18 in TXSD Page 17 of 17

meet his burden on summary judgment to present evidence of a causal link between Niroomand's intimidating actions and Du's protected activity.

In sum, none of Defendants' actions, assuming they constitute "adverse employment actions" for purposes of retaliation, are causally linked to Du's protected activity. Therefore, the court recommends granting Defendants' motion for summary judgment as to Du's Title VII retaliation claim.

## IV. Conclusion and Recommendation

The court recommends that Defendants' Third Motion to Dismiss (Dkt. 27) be **DENIED**. The court further recommends that Defendants' Motion for Summary Judgment (Dkt. 32) be **GRANTED** and this case be **DISMISSED** in its entirety with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 8608.

Signed at Houston, Texas, on April 5, 2018.

Christina A. Bryan
United States Magistrate Judge

17